In the Matter of the Claim of Esther Empie, Respondent, against Richard Rowlinson et al., Respondents, and Hubert Bellinger, Appellant. Work-men's Compensation Board, Respondent.— Appeal from decision and award of the Workmen's Compensation Board. Claimant's husband was killed March 25, 1950, while loading a truck with logs. Besides the claimant he was survived by four small children. He had been employed by Richard and Elbert Rowlinson in a lumbering operation. An award has been made against the Rowlinsons, who do not appeal, and against appellant Bellinger, who owned the land on which the operation was conducted, and who had a contract with the Rowlinsons relating to the lumbering operation. The contract recited that appellant "owns a timber lot" which was formerly known as the "Denton Green Farm", and it was agreed that the Rowlinsons would cut, skid, haul and truck the timber of a certain size and deliver it to two stated lumber companies, the appellant to pay a certain price per thousand feet for the work. The statute provides that the "owner" of timber "other than farm lands" who contracts with another for service which involves hazardous work shall be deemed a contractor and liable to pay compensation unless the subcon-tractor has secured compensation (Workmen's Compensation Law, § 56). Lum-bering is defined by the statute as hazardous employment "except operations by a farmer on his own farm or a tenant farmer on a farm rented by him" for production of firewood or logs cut to dimension lengths (Workmen's Com-

pensation Law, § 3, subd. 1, gr. 13). Appellant inherited the property from his uncle about two years before the accident. The property had not been worked as a farm for some time before the uncle's death and it was not being operated as a farm either at the time of his death or while appellant owned it. It was not under cultivation and there was no stock on it. Appellant claims he intended to rehabilitate the property as a farm and the Rowlinsons were to make repairs in the buildings for this purpose, but there is no proof of its actual use as a farm at the time of the lumbering operation or for a long period before that. The board has found that the Rowlinsons had not secured the payment of compensation for the deceased; that the land on which the lumbering operation was conducted was land "not used for farming" and was not "farm land" and made an award of death benefits against appellant as well as against the subcontractors. The record is fairly open to these factual findings and the board on the proof before it was not required to determine that the property was "a farm" as defined by the statute as appellant argues here. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.